JUDGE ELLIS
MAGISTRATE JUDGE COLE
FILED EY
3/1/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
1:22-CR-114

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. |
| v. ) | |
| ) | Violations: Title 18, United States |
| ERIC THORSEN ) | Code, Sections 1028A, 1029(a)(2), |
| ) | 1029(a)(3), and 1343 |

### COUNT ONE

The SPECIAL MAY 2021 GRAND JURY charges:

1. At times material to this Indictment:

  a. Company A operated membership-only retail stores throughout the United States and the Northern District of Illinois, permitting members to purchase goods and services.

  b. Company A allowed its members to purchase goods and services from its retail stores in a variety of ways, including through the use of payment cards.

  c. Payment cards, which included credit cards, debit cards, and gift cards, were encoded with data unique to each card holder. Payment card data could be used to obtain money, or to initiate a transfer of funds, at the direction of the authorized card holder.

  d. When members used payment cards to purchase goods and services at Company A stores, Company A used computers to transmit wire communications related to the purchase from the location where the sale took place,

including retail stores in the Northern District of Illinois, to a data processing center located outside of Illinois.

  e. Company A allowed members to apply for credit cards that qualified members could use to purchase goods and services at Company A stores.

  f. Victims A, B, and C were payment card holders who each held payment card accounts at various banks and retail stores.

  2. Beginning no later than in or around March 2017, and continuing until at least on or about April 10, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERIC THORSEN,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below

  3. It was part of the scheme that defendant knowingly and fraudulently used, attempted to use, and caused to be used, the names, payment card data, and other identifying information of individuals that he had obtained without authorization, including the names, payment card data, and other identifying information of Victims A, B, and C, to buy and attempt to buy goods and services at numerous retail locations, including Company A.

4. It was further part of the scheme that defendant obtained without authority the names, payment card data, and other identifying information of at least 390 different individuals, including Victims A, B, and C.

5. It was further part of the scheme that defendant created false identification documents, including counterfeit state driver's licenses, each bearing the name of legitimate payment card account holders and a photograph of the defendant, knowing that he would present the documents to retail stores, including Company A, and falsely represent that he was the payment card holder authorized to use payment card data that he had obtained without authorization.

6. It was further part of the scheme that defendant used false and fraudulent identification documents, including driver's licenses in the names of several individuals, to fraudulently obtain Company A membership cards in the names of those individuals. Company A required that individuals who made purchases at Company A have Company A membership cards. Defendant used the fraudulent Company A membership cards in connection with purchases he made at Company A using fraudulent payment cards.

7. It was further part of the scheme that defendant used names and other identifying information of individuals that he had obtained without authorization, together with false identification documents bearing those names and defendant's photograph, to falsely represent that he was those other individuals and to thereby open and attempt to open payment card accounts with stores in the other individuals' names, without those individuals' knowledge or authority.

8. It was further part of the scheme that defendant misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

9. On or about March 24, 2017, at Bloomingdale, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERIC THORSEN,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, from Bloomingdale to a location outside the State of Illinois, certain writings, signs, and signals, namely, a wire communication related to a purchase in the amount of approximately $1,203.44 at a Company A store in Bloomingdale, using a payment card ending in 8994 and belonging to Victim A;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL MAY 2021 GRAND JURY further charges:

1. Paragraphs 1 through 8 of Count One are incorporated here.

2. On or about March 24, 2017, at Melrose Park, in the Northern District of Illinois, Eastern Division,

ERIC THORSEN,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, from Melrose Park to a location outside the State of Illinois, certain writings, signs, and signals, namely, a wire communication related to a purchase in the amount of approximately $1,385.15 at a Company A store in Melrose Park, using a payment card ending in 0874 and belonging to Victim B;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL MAY 2021 GRAND JURY further charges,

1. Paragraphs 1 through 8 of Count One are incorporated here.

2. On or about April 10, 2017, at Niles, in the Northern District of Illinois, Eastern Division,

ERIC THORSEN,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, from Niles to a location outside the State of Illinois, certain writings, signs, and signals, namely, wire communications related to purchases in the amount of approximately $3,848.13 at a Company A store in Niles, using a payment card ending in 8530 and belonging to Victim C;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL MAY 2021 GRAND JURY further charges,

1. Paragraph 1 of Count One is incorporated here.

2. On or about March 24, 2017, at Bloomingdale, in the Northern District of Illinois, Eastern Division,

ERIC THORSEN,

defendant herein, did knowingly and with intent to defraud use one or more unauthorized access devices, namely, a payment card number ending in 8994 and belonging to Victim A, to obtain one or more things of value aggregating $1,000, namely, goods purchased at a Company A store in Bloomingdale, thereby affecting interstate commerce;

In violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT FIVE

The SPECIAL MAY 2021 GRAND JURY further charges,

1. Paragraph 1 of Count One is incorporated here.

2. On or about March 30, 2017, at Niles, in the Northern District of Illinois, Eastern Division,

### ERIC THORSEN,

defendant herein, did knowingly and with intent to defraud use one or more unauthorized access devices, namely, a payment card number ending in 7105 and belonging to Victim D, to obtain one or more things of value aggregating $1,000, namely, goods purchased at a Company A store in Niles, thereby affecting interstate commerce;

In violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT SIX

The SPECIAL MAY 2021 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about April 10, 2017, at Niles, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERIC THORSEN,

defendant herein, knowingly and with intent to defraud, possessed fifteen or more counterfeit and unauthorized access devices, namely, the payment card data belonging to approximately 390 different payment card account holders, including Victims A, B, C, and D, thereby affecting interstate commerce;

In violation of Title 18, United States Code, Section 1029(a)(3).

## COUNT SEVEN

The SPECIAL MAY 2021 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about April 10, 2017, at Niles, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ERIC THORSEN,

defendant herein, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, namely, unique electronic identification numbers and access devices, including Victim C's payment card data ending in 8530, during and in relation to an offense under Title 18, United States Code, Section 1343;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

The SPECIAL MAY 2021 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Sections 1343, as set forth in this indictment, defendants shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. In addition, upon conviction of an offense in violation of Title 18, United States Code, Sections 1343 and 1029(a)(3), as set forth in this indictment, defendants shall forfeit to the United States of America:

   a. any property constituting and derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Sections 982(a)(2)(B); and

   b. any personal property used and intended to be used to commit and to facilitate the commission of the offense, as provided in Title 18, United States Code, Sections 1029(c)(1)(C).

3. The property to be forfeited includes, but is not limited to, the following specific property seized by law enforcement on or about April 10, 2017, from 7311 N. Melvina Avenue, Niles, Illinois:

   a. a card embosser;
   b. a mobile printer/scanner;
   c. approximately 225 blank plastic cards with magnetic strips;
   d. approximately 100 credit cards;
   e. approximately 13 Illinois driver's license identification cards;
   f. approximately 22 Wisconsin driver's license identification cards;

11

   g. approximately 47 State of Illinois driver's license hologram stickers;
   h. two Micro SD cards;
   i. one SIM card;
   j. Winplus portable power bank;
   k. a Hewlett-Packard Envy laptop computer, bearing serial number 5CD6129VDK; and
   l. Evolis Badgy 100 ID card printer.

  4. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p).

                    A TRUE BILL:

                    _____
                    FOREPERSON

_____
Signed by Jason Yonan on behalf
of the UNITED STATES ATTORNEY